# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GARY L. BRYENTON<br>4370 Valley Forge Drive<br>Fairview Park, Ohio 44126<br><br>Plaintiff,<br><br>-vs-<br><br>MARILYN JACOBS PREYER<br>407 Stone Currie Drive<br>Hillsborough, NC 27278, | CASE NO. 1:22-cv-01469<br><br>JUDGE:<br><br><br><br>**PETITION FOR DECLARATORY JUDGMENT** |

LUNSFORD RICHARDSON PREYER III
407 Stone Currie Drive
Hillsborough, NC 27278

PARKER JACOBS PREYER
407 Stone Currie Drive
Hillsborough, NC 27278,

JANE ELIZABETH PREYER,
407 Stone Currie Drive
Hillsborough, NC 27278,
and their successors in interest, and

Brown Advisory Trust Company of Delaware, LLC
Attn: Alex M. Hendler
5701 Kennett Pike, Suite 100
Centreville, DE 19807,

     Defendants.

1. Plaintiff brings this action pursuant to 28 U.S.C. §2201 and Ohio R.C. § 5807 to resolve an actual case or controversy between the parties relating to the past and future trustee fee being charged or sought by Plaintiff.

1

## THE PARTIES

2. Plaintiff Gary L. Bryenton ("Individual Trustee") is the duly qualified and currently acting Individual Trustee of the separate trust shares created by and held under an Irrevocable Trust Agreement dated March, 30, 1972 (the "Trust Agreement"; sometimes referred to as the "St. Louis North Trust") by Richard E. Jacobs and Helen E. Jacobs as Grantors (the "Grantors") and the Cleveland Trust Company and David H. Jacobs as the initial corporate and Individual Trustees, respectively. Neither the Individual Trustee nor BakerHostetler, LLP (the law firm from which the Individual Trustee recently retired) provided any legal counsel in connection with the drafting or establishment of the Trust Agreement. The Individual Trustee resides and performs his duties as Individual Trustee in Ohio and within this judicial district.

3. Three separate trust shares were established under the Trust Agreement, with one trust share to be held for the benefit of each of the Grantors' children, respectively (i) Jeffrey Jacobs, (ii) Nancy Jacobs, and (iii) Defendant Marilyn Jacobs Preyer ("Marilyn," then known as Marilyn Jacobs). The separate trust share for the benefit of Marilyn (the "Trust") is the subject of this Petition.

4. Defendant Brown Advisory Trust Company of Delaware, LLC ("Brown Advisory") is the current corporate trustee of the Trust.

5. Defendant Marilyn is the exclusive lifetime beneficiary of the Trust.

6. Marilyn's children, Defendants Lunsford Richardson Preyer II, Parker Jacobs Preyer, Jane Elizabeth Preyer, and their successors in interest (collectively, the "Remainder Beneficiaries") have a beneficial interest in the Trust if they survive Marilyn. Defendants Marilyn, Parker Jacobs Preyer, Lunsford Richardson Preyer III and Jane Elizabeth Preyer all reside outside of Ohio in North Carolina.

7. Accordingly, Defendant Marilyn and the Remainder Beneficiaries (collectively, the "Preyer Defendants") are or will be beneficiaries of the Trust.[1]

## JURISDICTION & VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and under 28 U.S.C. § 2201, the Declaratory Judgment Act, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. The parties have also contractually consented to this Court having exclusive jurisdiction over this case and controversy.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c), inter alia, because: the Individual Trustee resides and has his usual place of business within this judicial district in Cuyahoga County; the Trust was formed within this judicial district in Cuyahoga County; the Grantors Richard E. Jacobs and Helen E. Jacobs, and the individual and corporate trustees at the time of the formation of the Trust, were domiciled within this judicial district; the Individual Trustee currently performs his duties with respect to administration of the Trust from within this judicial district in Cuyahoga County; the Trust provides that Ohio law will apply to the validity, construction and interpretation of the Trust; and the parties contractually consented to this Court having exclusive jurisdiction over this case and controversy.

10. This Court has personal jurisdiction over Defendants, because a substantial portion of the events at issue occurred in the State of Ohio, and Defendants have sufficient contacts with the State of Ohio, including, inter alia, those outlined herein.

11. An actual case or controversy has arisen between the parties.

---

[1] The Trust is not attached hereto because Defendants and their counsel each possess copies of the same.

12. The Trust does not set a specific fee amount for the Individual Trustee or a method of computing a fee for the Individual Trustee. Accordingly, the propriety of the Individual Trustee's fee is governed by the reasonableness standard set forth in Uniform Trust Code § 708 as adopted in Ohio Revised Code § 5808.07(A), and related provisions.

13. Since at least 1999, when the Individual Trustee was appointed and the trustee fee amount was approved by Grantor Richard E. Jacobs, the Individual Trustee has been compensated with an annual individual Trustee fee of 20 basis points, or 2/10 of 1% of the net value of Trust assets, determined for each calendar year based upon the net asset value of the Trust at the end of the immediately-preceding calendar year, and paid from the Trust to the Individual Trustee in quarterly installments of 5 basis points each. This amount is materially lower than the standard trustee fee set and permitted by the Cuyahoga County Probate Court's Local Rules and also materially lower than the fee that would or could customarily be charged by a corporate trustee responsible for administering a similar amount of trust assets. It is also the amount that Richard Jacobs charged the family of his brother David for his services when Richard Jacobs served as the individual trustee of David's irrevocable trust.

14. From 1999 until 2021, the Individual Trustee charged and was paid, without any objection by the Preyer Defendants herein (or anyone else), an annual Trustee fee of 20 basis points as described above.

15. In the fall of 2021, however, counsel for defendant Marilyn Preyer began a campaign of correspondence asserting that the Individual Trustee's annual fee of 20 basis points was excessive. Since that time, based upon the position taken by the Preyer Defendants and their counsel, and due to the resulting controversy and dispute created thereby, Brown Advisory has

4

refused to release any fees to the Individual Trustee. Accordingly, the Individual Trustee has not been paid anything for services provided since July 1, 2021.

16. Despite efforts at resolution, correspondence from counsel for Marilyn dated August 8, 2022 has now made clear that the Preyer Defendants object to payment to the Trustee of *any* fee of more than 10 basis points for any and all periods after Fall, 2021 and onward into the future. Thus, the parties are at an impasse and this controversy will not be resolved without Court intervention.

17. Based upon the value of Trust assets, the withheld and disputed Individual Trustee fees in controversy in this matter (for just 2021 and 2022) satisfy the $75,000 jurisdictional amount in controversy requirement, exclusive of interest and costs.

## COUNT I – REQUEST FOR DECLARATORY JUDGMENT

18. The Individual Trustee incorporates by reference the foregoing paragraphs.

19. Pursuant to 28 U.S.C. § 2201 (a), "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

20. An actual controversy exists between the parties here regarding the reasonableness of the fee charged or sought by the Individual Trustee for his fiduciary services with respect to the Trust and with respect to the meaning of the relevant provisions of the Trust Agreement.

21. The Individual Trustee believes that his long-established, 20-basis-point historical annual fee for his fiduciary services with respect to the Trust is reasonable and proper.

22. The Preyer Defendants, by refusing to consent to payment from the Trust for the fiduciary services of the Individual Trustee of any annual fees in excess of 10 basis points, have caused Brown Advisory to withhold payment of reasonable compensation from the Trust to the Individual Trustee, pending resolution of the controversy.

23. The Preyer Defendants have stated that they object, or will object, to payment from the Trust for the fiduciary services of the Individual Trustee of any annual fees in excess of 10 basis points.

WHEREFORE, Plaintiff Trustee respectfully prays that the Court:

1. Declare that because the Trust does not set a specific trustee fee or manner of computing a fee for the services of the Individual Trustee, the propriety of the Individual Trustee's fee is governed by the reasonableness standard set forth in UTC § 708 as adopted in Ohio Revised Code § 5807.08(A) and related provisions;

2. Declare that an annual fee, payable to the Individual Trustee from the Trust for providing his fiduciary services to the Trust, in the amount of 20 basis points for each calendar year, in quarterly installments of 5 basis points, based upon the net asset value of the Trust as of the end of the immediately preceding calendar year, is reasonable and permissible compensation of the Individual Trustee for providing his fiduciary services to the Trust, under the Trust Agreement and under Ohio Revised Code § 5807.08(A);

3. Declare that consent by the Preyer Defendants to such 20-basis-point rate of annual compensation of the Individual Trustee may not be unreasonably withheld;

4. Declare that payment by Brown Advisory (or any successor corporate trustee of the Trust) of such annual compensation from the Trust to the Individual Trustee is just and proper;

5. Awarding to Plaintiff, as reasonable expenses of administration of the Trust, all attorneys' fees incurred herein; and

6. Awarding all other relief, at law or equity, to which Plaintiff Individual Trustee may show himself justly entitled, including any extraordinary fees as may be appropriate.

Dated:  8/17/22

Respectfully submitted,

*/s/ Michael K. Farrell*
Michael K. Farrell (0040941)
Kevin G. Robertson (0025789)
Hallie R. Israel  (0100012)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square
Suite 2000

Cleveland, OH 44114
Tel: (216) 861--7694
Fax: (216) 696-0740
mfarrell@bakerlaw.com
*Attorneys for Plaintiff*