IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EGIDIJUS MARCINKEVICIUS, Administrator for the Estate of Gary Bryenton, | Case No. 1:22-cv-01469 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| MARILYN JACOBS PREYER, et al, | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Before the Court is Plaintiff Egidijus Marcinkevicius's, Administrator for the Estate of Gary Bryenton, ("Plaintiff") Motion to Dismiss Defendant Brown Advisory Trust Company of Delaware, LLC ("Brown Advisory") filed on November 1, 2023. (Doc. No. 42.) On November 15, 2023, Defendants Jane Elizabeth Preyer, Lunsford Richardson Preyer, III, Marilyn Jacobs Preyer, and Parker Jacobs Preyer ("Preyer Defendants") filed an Opposition. (Doc. No. 43.) On November 21, 2023, Plaintiff filed a Reply in support of his Motion. (Doc. No. 44.) That same day, Brown Advisory filed a Motion to Join Plaintiff's Motion to Dismiss and its own Reply to Preyer Defendants' Opposition. (Doc. No. 46.) On December 1, 2023, Preyer Defendants filed a Sur-Reply to Plaintiff's Motion to Dismiss. (Doc. No. 48.)

For the following reasons, the Court GRANTS Plaintiff's Motion to Dismiss Brown Advisory.

I.   **Background**

At the center of this lawsuit is a trust created on March 30, 1972 (the "Trust"). (Doc. No. 1, ¶ 2.) Richard E. Jacobs and Helen E. Jacobs were the grantors of the Trust. (*Id*.) Each of their three children—Jeffrey Jacobs, Nancy Jacobs, and Defendant Marilyn Jacobs Preyer—received one share

in the Trust. (*Id.* at ¶ 3.) Defendant Marilyn Jacobs Preyer's share is the subject of this lawsuit. (*Id.*) Her children—the remaining Preyer Defendants—have a beneficial interest in the Trust if they survive her. (*Id.* at ¶ 6.) All Preyer Defendants are citizens of North Carolina. (*Id.*)

Gary L. Bryenton ("Bryenton") was the individual trustee of the Trust. (*Id.* at ¶ 2.) Since at least 1999, Bryenton received an annual trustee fee of 20 basis points. (*Id.* at ¶ 13.) In the fall of 2021, however, Defendant Marilyn Jacobs Preyer objected to the 20 basis points fee as excessive. (*Id.* at ¶ 15.)

At an impasse, on August 17, 2022, Bryenton filed this lawsuit seeking a declaratory judgment that, in relevant part, an annual fee of 20 basis points is "reasonable and permissible compensation" under the Trust and Ohio law. (*Id.* at ¶¶ 16, 23.) Three months after filing the lawsuit, Bryenton died. (Doc. No. 18.) Plaintiff is the administrator of Bryenton's estate. (Doc. No. 30.) On August 31, 2023, the Court substituted Plaintiff for Bryenton. (Doc. No. 31.) Plaintiff is a citizen of Ohio. (Doc. No. 1, ¶ 9.)

Brown Advisory is the corporate trustee of the Trust. (*Id.* at ¶ 4.) It is a limited liability company, and one of its members is an Ohio citizen. (Doc. No. 46-1, PageID# 224.)

In its Complaint, Plaintiff alleges that the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332(a)(1). (Doc. No. 1, ¶ 8.) At the Case Management Conference, the Court ordered Brown Advisory to identify all its members to ensure that the Court has diversity jurisdiction. (Doc. No. 37.) Sometime afterward, Brown Advisory disclosed to Plaintiff that one of its members is an Ohio citizen. (Doc. No. 42, PageID# 173.) Plaintiff then filed the instant Motion to Dismiss Brown Advisory and move forward against the remaining Preyer Defendants, conceding that Brown Advisory's continued presence in this lawsuit destroys complete diversity. (*Id.*) Preyer Defendants

oppose dropping Brown Advisory, arguing that the Court should dismiss the case entirely for lack of subject matter jurisdiction because Brown Advisory is an indispensable party. (Doc. No. 43, PageID# 178.) Brown Advisory wants out of the lawsuit—whether by the Court dismissing it alone, or, if the Court determines it to be indispensable, by dismissing the entire case. (Doc. No. 46, PageID# 211-12.)

**II.     Analysis**

    **A.     Mediation**

As an initial matter, both Plaintiff and Preyer Defendants ask that this Court refer the case to mediation *before* ruling on Plaintiff's Motion to Dismiss Brown Advisory. (Doc. No. 44, PageID# 193; Doc. No. 48, PageID# 237.) The Court has a continuing duty to consider its subject matter jurisdiction in every case. *Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). And a court that lacks subject matter jurisdiction "has no power but to dismiss the case." *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021); *see also* Fed. R. Civ. P. 12(h)(3). Accordingly, the Court has a duty to first rule on Plaintiff's Motion and determine whether it has subject matter jurisdiction.

    **B.     Federal Rule of Civil Procedure 21**

Plaintiff moves to dismiss Brown Advisory under Federal Rule of Civil Procedure 41(a)(2) (Doc. No. 42, PageID# 173), but the applicable rule is Rule 21. *See Griesmar v. City of Stow*, 2022 U.S. App. LEXIS 34151 at *10 (6th Cir. Dec. 12, 2022) (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). Therefore, the Court construes Plaintiff's Motion as one to drop Brown Advisory under Rule 21. Rule 21 provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "[I]t is appropriate to drop a nondiverse

and dispensable party from litigation in order to achieve diversity," but "a party may not create diversity by dropping a nondiverse and indispensable party." *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999).

The parties agree that Brown Advisory is nondiverse. Accordingly, the only question before the Court is whether Brown Advisory is an indispensable party.

### C. Federal Rule of Civil Procedure 19

To determine whether Brown Advisory is indispensable, the Court looks to Rule 19. *Id*. Before determining indispensability, the Court must first answer whether Brown Advisory is a necessary party under Rule 19(a). *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 546 (6th Cir. 1994). A party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Id*. (citing Fed. R. Civ. P. 19(a)). Preyer Defendants bear the burden of establishing that Brown Advisory is necessary. *See Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972). "Rule 19(a) is disjunctive;" so Brown Advisory is a necessary party if any one of its three provisions is true. *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

The Court begins with Rule 19(a)'s first provision: whether it can accord complete relief among Plaintiff and Preyer Defendants in Brown Advisory's absence. Fed. R. Civ. P. 19(a)(1)(A). Plaintiff argues that the Court can accord complete relief without Brown Advisory because Brown Advisory is "simply a conduit," meaning that the remedy Plaintiff seeks "flow[s] through [it]." (Doc. No. 44, PageID# 188-89.) Brown Advisory adds that it "is obligated to follow the Preyer Defendants' instruction regarding the payment of any fees to Plaintiff's estate upon resolution of this action."

4

(Doc. No. 46, PageID# 218.) Preyer Defendants contend that the Court cannot accord complete relief without Brown Advisory because Plaintiff's requested relief "goes well beyond merely interpreting the Trust Agreement." (Doc. No. 43, PageID# 181.)

The complete-relief question "is only concerned with whether Plaintiff may receive complete relief from [Preyer Defendants]" in Brown Advisory's absence. *Phillips v. Sun Life Assurance Co. of Canada*, 641 F. Supp. 3d 453, 457 (S.D. Ohio 2022) (quoting *Norfolk S. Ry. v. Baker Hughes Oilfield Operations, LLC*, 443 F. Supp. 3d 877, 884 (S.D. Ohio 2020)). It "does not concern any subsequent relief . . . for which [Brown Advisory] might later be responsible." *Id*. (quoting *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 149 (S.D. Ohio 2002)). And "complete relief does not mean that 'every type of relief sought must be available, only that meaningful relief be available.'" *Nat'l Fire Ins. Co. v. City of Willoughby*, 2019 U.S. Dist. LEXIS 33045 at *8 (N.D. Ohio Mar. 1, 2019) (quoting *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 182 F.R.D. 512, 518 (N.D. Ohio 1998)); *see also Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1346 (6th Cir. 1993) ("Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded.").

Here, the principal relief that Plaintiff seeks is a declaration that "an annual fee . . . of 20 basis points for each calendar year is reasonable and permissible compensation of the Individual Trustee," and that Preyer Defendants' consent to such fee "may not be unreasonably withheld." (Doc. No. 1, ¶ 23.) The Trust Agreement provides that the individual trustee "shall be entitled to receive for his or her ordinary services . . . such compensation . . . as from time to time may be approved by a majority of the adult lineal descendants of the Grantors." (Doc. No. 15, ¶ 12.) And Brown Advisory agreed

5

that "the individual trustee fees are to be approved in writing by the beneficiaries." (Doc. No. 48-2, PageID# 247.) In other words, Preyer Defendants alone hold the key to the 20 basis points fee Plaintiff seeks. A judgment against Preyer Defendants that a 20 basis points fee is reasonable and permissible would require Preyer Defendants to approve such a fee. Plaintiff can thus receive meaningful relief from Preyer Defendants without Brown Advisory in the case.

It is possible that the Court could award Plaintiff the declaratory judgment he asks for, and Preyer Defendants approve the 20 basis points fee, yet Brown Advisory might refuse to pay the fee. But that sort of "speculative possibility of further litigation between a party and an absent person" is not Rule 19(a)'s focus. *Iron Workers*, 182 F.R.D. at 518 (quoting *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989)). As such, this provision does not make Brown Advisory a necessary party.

The Court now turns to Rule 19(a)'s last two provisions: whether Brown Advisory claims an interest relating to the subject of the action such that disposing of it in its absence may (1) impair or impede its ability to protect the interest or (2) leave an existing party subject to multiple or inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii). Both provisions first require that Brown Advisory "claim an interest" in the subject matter of the action, so the Court begins there.

Preyer Defendants argue that Brown Advisory has an interest because it holds legal title to the Trust property. (Doc. No. 43, PageID# 180.) Plaintiff counters that Brown Advisory does not have an interest because "the money in the Trust does not belong to [it] personally" and Brown Advisory does not "advocate or have an opinion as to" Plaintiff's fees. (Doc. No. 44, PageID# 188.) Brown Advisory itself writes that it "has no interest in the outcome" of this lawsuit. (Doc. No. 46, PageID# 214.)

To answer whether a party "claims an interest," "a threshold question is whether the absent party [or, in this case, the party to be dropped] has come forward to claim an interest." *Phillips*, 641 F. Supp. 3d at 458. Here, Brown Advisory has overtly done the opposite: it has disclaimed *any* interest in the lawsuit. So, the threshold question under Rule 19(a)(1)(B) is not met. For this reason alone, Brown Advisory does not qualify as a necessary party under Rule 19(a)(1)(B). *See Century Bus. Servs. v. Bryant*, 69 F. App'x 306, 311 (6th Cir. 2003) ("A party is not 'necessary' where it has not claimed an interest in the outcome of an action and complete relief can be ordered in its absence.").

If Brown Advisory did claim an interest in this lawsuit, it would be based on its legal interest in the Trust's property. *See Judd v. Meszaros*, 2011 Ohio App. LEXIS 4100 at *15-16 (Ohio 10th Dist. Ct. App. Sept. 29, 2011). A party that has a "legally protected interest in the subject matter of the action . . . falls squarely within the terms of" Rule 19(a)(1)(B). *Alter Domus, LLC v. Winget*, 2023 U.S. Dist. LEXIS 104297 at *11 (E.D. Mich. June 15, 2023) (quoting *Onyx Waste Servs. v. Mogan*, 203 F. Supp. 2d 777, 786 (E.D. Mich. 2002)). But Rule 19(a)(1)(B)'s inquiry does not end there. It also requires that proceeding without Brown Advisory would (1) "as a practical matter impair or impede [Brown Advisory's] ability to protect [its] interest" or (2) leave Plaintiff or Preyer Defendants to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii). The Court turns to these questions next.

First, Brown Advisory "do[es] not have an obvious interest in this dispute that requires protection." *Sch. Dist. v. Sec'y of the United States Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009). Plaintiff argues that a 20 basis points fee is reasonable and permissible, Preyer Defendants argue that it is not, and Brown Advisory is silent on the issue. As a practical matter, any position Brown

7

Advisory could take regarding Plaintiff's fee would be adequately represented by Plaintiff or Preyer Defendants. *See Am. Express Travel Related Servs. v. Bank One-Dearborn, N.A.*, 195 F. App'x 458, 461 (6th Cir. 2006) (finding absent party unnecessary where its interests were "adequately represented by an existing party in [the] case"). Therefore, even if Brown Advisory claimed an interest in this lawsuit, that interest would not be impaired or impeded if Brown Advisory were dropped from the case.

Second, Brown Advisory's absence would not expose Plaintiff or Preyer Defendants to "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). Inconsistent obligations mean "a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *We Project, Inc. v. Relavistic, LLC*, 2021 U.S. Dist. LEXIS 100045 at *5 (N.D. Ohio May 3, 2021) (quoting *Delgado v. Plaza Las Ams.*, 139 F.3d 1, 3 (1st Cir. 1998)). Neither Preyer Defendants nor Plaintiff argue that Brown Advisory's absence would (or would not) expose it to inconsistent obligations. And there is nothing about the procedural posture of this case to suggest otherwise.

Accordingly, even if Brown Advisory claimed an interest in this litigation, it would still not be a necessary party under either Rule 19(a)(1)(B)(i) or (ii). Because the Court has determined that Brown Advisory is not a necessary party under Rule 19(a)(1), "further analysis" of indispensability under Rule 19(b) "is unnecessary."[1] *Local 670, United Rubber v. Int'l Union, United Rubber*, 822 F.2d 613, 618 (6th Cir. 1987).

---

[1] Plaintiff also argues that the Court can "disregard the citizenship" of Brown Advisory under 28 U.S.C. § 1332 because Brown Advisory is a "nominal party." (Doc. No. 44, PageID# 192 (citing *Argo Glob. Special Situations Fund v. Wells Fargo Bank, N.A.*, 810 F. Supp. 2d 906, 910 (D. Minn. 2011).).) As the Court has found Brown Advisory to be unnecessary, it need not analyze this alternative argument.

8

### III.     Conclusion

For the above reasons, the Court GRANTS Plaintiff's Motion to Dismiss Brown Advisory under Rule 21.  (Doc. No. 42.)  Should the remaining parties still seek to mediate this case, they shall file a joint request for referral to mediation before the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated:  December 15, 2023                           *s/ Pamela A. Barker*
                                                                            PAMELA A. BARKER
                                                                            UNITED STATES DISTRICT JUDGE